UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                          CRIM. NO. 93-50028

    v.                                    HON. TERRENCE G. BERG

OLEE WONZO ROBINSON,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS
TO REDUCE SENTENCE (DKTS. 644, 648, 649)**

Defendant Olee Wonzo Robinson (Defendant) filed three motions requesting to be resentenced under 18 U.S.C. § 3582(c) and Amendment 591 of the United States Sentencing Guidelines (Dkts. 644, 648, 649). The Government filed a response brief (Dkt. 651), arguing that Defendant is not entitled to be resentenced. For the reasons set forth below, Defendant's motions will be **DENIED**.

**BACKGROUND**

The Sixth Circuit has summarized the procedural history of this case as follows:

> On November 5, 1993, a grand jury in the Eastern District of Michigan returned a fourteen-count superseding indictment, charging Robinson with multiple offenses, including conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; drug-related homicide and aiding and abetting in drug-related homicide, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; making false statements to a federally insured institution, in violation of 18 U.S.C. § 1014; laundering of monetary instruments and aiding and abetting in the same, in violation of 18 U.S.C. §§ 1956 and 2; engaging in a continuing criminal enterprise, in

violation of 21 U.S.C. § 848; being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); structuring financial transactions to evade reporting requirements and aiding and abetting in the same, in violation of 31 U.S.C. § 5324(3) and 18 U.S.C. § 2; and the distribution of cocaine and aiding abetting in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After trial, which began on November 8 and ended on December 22, 1993, a jury returned a guilty verdict on all counts.[1] The district court [Judge Newblatt] sentenced Robinson to life imprisonment on the continuing criminal enterprise and drug-related homicide convictions, and imposed lesser sentences for the other convictions, all to be served concurrently.

*United States v. Robinson*, 290 Fed. App'x 769, 770 (6th Cir. 2008). Defendant was sentenced under the 1993 sentencing guidelines. Specifically, the applicable guidelines used from the 1993 manual for each count of conviction were:

- Count One – 21 U.S.C. § 848 Continuing Criminal Enterprise, USSG § 2D1.5
- Count Two – 21 U.S.C. § 846 Conspiracy to Distribute Drugs, USSG § 2D1.1
- Count Three – 21 U.S.C. § 848(e) Drug Related Murder, USSG § 2A1.1
- Count Four – 18 U.S.C. § 922(g)(1) Felon in Possession, USSG § 2K2.1
- Count Seven – 18 U.S.C. § 1014 False Statement, USSG § 2F1.1
- Count Nine – 18 U.S.C. § 1956 Money Laundering, USSG § 2S1.1
- Count Ten – 18 U.S.C. § 1956 Money Laundering, USSG § 2S1.1
- Count Eleven – 31 U.S.C. § 5324 Structuring, USSG § 2S1.3
- Count Thirteen – 21 U.S.C. § 841 Drug Distribution, USSG § 2D1.1
- Count Fourteen – 18 U.S.C. § 922(g)(1) Felon in Possession, USSG § 2K2.1

The guideline sections were grouped, as the convictions all involved drug trafficking (PSR ¶ 24). Thus, the applicable offense level was set at the highest offense level

---

[1] Some Counts were dismissed prior to trial. Defendant was convicted of all Courts that he was tried on.

for any count of conviction within the group (PSR ¶ 25; USSG § 3D1.3(a)). The highest offense level in this case was for count two, the drug distribution conspiracy conviction (PSR ¶ 25). Thus, the offense level for each count within the group — and the group contained all the counts of conviction — was calculated by application of USSG § 2D1.1, the guideline section for the drug conspiracy (PSR ¶ 25). The base offense level under 2D1.1 was 40, since Defendant's conspiracy distributed over 500 kilograms of cocaine (*Id.*). Two points were added because a firearm was possessed; four points were added because Defendant was a leader of the conspiracy; and two points were added because Defendant obstructed justice (PSR ¶¶ 25 – 29). Accordingly, Defendant's offense level was 48, and his guideline range was life imprisonment.

On April 26, 1994, Judge Stewart Newblatt sentenced Defendant to life imprisonment on counts 1 and 3, to be served concurrently; 60 months on counts 4 and 11; 24 months on count 7; 240 months on counts 9, 10 and 13; and 120 months on count 14. Judge Newblatt ordered that the sentences on counts 4, 7, 9, 10, 11, 13 and 14 would be served concurrently with the life sentences for counts 1 and 3. Defendant was not separately sentenced on count 2, as Judge Newblatt incorporated it into count 1 (Dkt. 191; Judgment).

Over the intervening years, Defendant filed numerous of challenges to his convictions, some of which are discussed below. First, Defendant filed a direct appeal. However, the Sixth Circuit affirmed Judge Newblatt's judgment in all respects. *See United States v. Robinson*, 96 F.3d 1449 (6th Cir. 1996). Defendant

3

also filed a motion for a new trial pursuant to Fed. R. Crim. P. 33, on the basis of alleged newly discovered evidence. Judge Paul Gadola denied this motion, and the Sixth Circuit affirmed that decision. *See United States v. Robinson*, 366 F. Supp. 2d 498, 502 (E.D. Mich. 2005), aff'd, 290 Fed. App'x 769 (6th Cir. 2008).

Defendant also filed a motion to vacate criminal convictions under 22 U.S.C. § 2255 (Dkt. 377). Magistrate Judge Steven Pepe issued a report and recommendation, recommending that Defendant's § 2255 motion be denied (Dkt. 420). Defendant filed objections to Magistrate Judge Pepe's recommendation. However, Judge Paul Gadola overruled Defendant's objections, adopted Magistrate Judge Pepe's recommendation, and denied Defendant's § 2255 motion (Dkt. 431). Defendant also filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District Court for the Southern District of Indiana, asserting jurisdiction in that court based on the fact that he was then incarcerated in a federal facility in Indiana at the time. In an order dated October 27, 1998, that court held that Defendant's motion was properly construed as a § 2255 motion to vacate sentence, and dismissed the habeas petition on the grounds that it lacked jurisdiction (*See, e.g.,* Dkt. 434). Defendant later sought an order from the Sixth Circuit, permitting him to file a second § 2255 motion. However, on April 4, 2002, the Sixth Circuit denied Defendant's motion to file a second § 2255 motion (Dkt. 487).

Now before the Court are Defendant's motions to reduce his sentence, pursuant to 18 U.S.C. § 3582 (Dkts. 644, 648 and 649). Defendant has filed three different iterations of this motion, but the general theme of the argument is the

4

same. The primary thrust of Defendant's motion (Dkt. 644) is that Amendment 591 lowered Defendant's guideline range, and that Judge Newblatt erred in sentencing Defendant under the 1993 sentencing guidelines, and instead should have sentenced Defendant under the 1988 sentencing guidelines since (according to Defendant) his criminal activities ceased in June 1989. Defendant also argues that Amendment 782 operates to reduce his applicable guideline range (Dkt. 649). Amendment 782 reduced the base offense levels related to § 2D1.1(c) of the guidelines for various drug quantities. *See United States v. Snow*, No. 13–6624, 2016 WL 278953, at *3 (6th Cir. Jan. 22, 2016).

The probation department has reviewed Defendant's motions and determined that Defendant is ineligible for resentencing, as his guideline range has not been lowered by any subsequent amendment to the guidelines. Likewise, the Government filed a brief in opposition to Defendant's motions for resentencing (Dkt. 651).

## **DISCUSSION**

A district court may not modify a defendant's sentence absent express authorization by Congress. *See United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Congress has granted such authorization in § 3582(c)(2), which states that a district court has the discretion to reduce the sentence of a defendant:

> [W]ho has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

5

18 U.S.C. § 3582(c)(2).

Defendant bases his argument on Amendment 591, which became effective on November 1, 2001. This amendment has been given retroactive effect under USSG § 1B1.10, and thus a defendant may seek relief under 18 U.S.C. § 3582(c)(2) pursuant to that amendment. Prior to Amendment 591, a court could consider actual (i.e., relevant) conduct when selecting the applicable offense guideline section. Amendment 591 requires that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct (in this case, drug quantity) that will never be made by the jury. The Amendment was intended to "emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index [at the back of the Sentencing Guidelines Manual] for the statute of conviction." USSG, Supp. to App. C, amend. 591, cmt. at 32 (Nov. 1, 2000); *see also United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002) (holding that Amendment 591 applied only to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level, and thus, did not provide basis for modification of sentence).

In this case, Amendment 591 does not have any impact on Defendant's sentence. Amendment 591 clarifies that a sentencing court should apply the guideline listed in the Statutory Index, USSG Appendix A, as being appropriate for the offense of conviction, not a guideline which might be applicable to other relevant conduct that was not the subject of the offense of conviction. Defendant argues that, because his drug conviction (count 2) was a lessor included offense of his continuing

criminal enterprise ("CCE") conviction (count 1) for which he was not sentenced, an application of the drug guideline (USSG § 2D1.1) was improper (Dkt. 644). This argument is not well-taken. Defendant's convictions group under USSG § 3D1.3(a). Accordingly, the district court is to determine the offense level for each grouped count, and apply the highest offense level. *See* USSG § 3D1.3 comment. (n. 2) (1993). Under 2D1.1 – the guideline for Defendant's drug conspiracy conviction – the offense level was 48. This became the offense level for the group, regardless of whether this punishment was separately imposed on the drug distribution count. Amendment 591 does not change this analysis and its application simply does not operate to reduce Defendant's guideline range.

Furthermore, even if the Court set aside the guideline calculation for the drug conspiracy conviction, Defendant's guideline of life imprisonment would remain unchanged. Defendant was convicted of CCE for conduct that extended into 1993[2] (Dkt. 63: Superseding Indictment). The pertinent guideline section of the

---

[2] Defendant argues in his motions that all his "drug related activities" ceased in June 1989. However, the second superseding indictment specifically charged that Defendant's criminal enterprise spanned "from 1987 to May 1993" (Dkt. 63 at 1). Moreover, in count 13, Defendant was charged with distributing cocaine on or about March 1-2, 1993 (Dkt. 63 at 11-12). Defendant was convicted of all these charges (Dkt. 158). The jury thus found beyond a reasonable doubt that that Defendant's drug trafficking extended through 1993. Defendant claims that "the Sixth Circuit opinion (issued in 1996), clearly states that all of [Defendant's] alleged drug activities ended in June, 1989" (Dkt. 653, FN 1). Presumably, Defendant is referring to the opinion denying his direct appeal. *Robinson, supra*, 96 F.3d 1449. The only reference the Court finds in this opinion to "June 1989" is the drug-related murder of Sherman Christian, for which Defendant was also convicted (count 3). In any event, the Court does not find any definitive ruling from the Sixth Circuit that Defendant's drug-related activities ended in June 1989. In fact, the opposite conclusion can be drawn from statements by the Sixth Circuit – "[Defendant] begins his claim by contending that Christian's murder in June 1989 could not have been committed while he was working in furtherance of a CCE, because the evidence only showed him engaging in drug dealing *after* that date." *Robinson* at *9. In other words, on direct appeal, Defendant argued that his drug dealing did not *start* until June 1989; he now argues that his drug dealing *ended* in June 1989. Defendant cannot have it both ways. Moreover, the Sixth Circuit also references the content of a 1993 search warrant affidavit describing "a

1993 guideline manual for this count of conviction is 2D1.5. This section dictates a base offense level of four plus the applicable 2D1.1 level. The 2D1.1 calculation was 42 based on 500 kilograms of cocaine and the firearm (PSR ¶¶ 25 – 29). Adding four points to this – as 2D1.5 requires for a CCE conviction – results in an offense level of 46 and Defendant's guideline remains life. The calculation under the current version of the guidelines is the same. As such, Defendant's guideline range was not lowered by a subsequent amendment to the sentencing guidelines, and his guideline sentence remains at life imprisonment. Thus, his motions requesting to be resentenced are not well-taken and must be denied.

Likewise, Amendment 782 does not have the effect of lowering the guideline range applicable to Defendant's case. At the time of sentencing, Defendant's base offense was 40, since Defendant's conspiracy distributed over 500 kilograms of cocaine. *See* U.S.S.G. 2D1.1(c)(2) (1993). Under the current version of the guidelines, Defendant's base offense level is 38. *See* U.S.S.G. 2D1.1(c)(1). However, Judge Newblatt also assessed two points for Defendant's possession of a firearm, four points because Defendant was a leader of the conspiracy, and two points for obstruction of justice. Adding these points to Defendant's base offense level of 38 results in a total offense level of 46, and Defendant's applicable guideline range remains at life in prison. Therefore, Defendant is not eligible to be resentenced

---

continuing pattern of illegal acts from 1987 to April 1993." *Robinson* at *5. In any event, this Court finds no error in Judge Newblatt's use of the 1993 sentencing guidelines, as Defendant was convicted of participating in a criminal enterprise that spanned into May 1993 (count 1).

pursuant to Amendment 782 because, even using the lower base offense level, the applicable guideline range is still the same; it has not been lowered.

As noted earlier, one of the primary contentions of Defendant's motions is that Judge Newblatt erred in using the 1993 sentencing guidelines to calculate Defendant's sentence. Defendant contends that Judge Newblatt should have instead used the 1988 guidelines since, at least according to Defendant, his criminal conduct ceased in approximately June 1989. First, as noted in footnote 2, above, it was entirely proper for Judge Newblatt to use the 1993 sentencing guidelines because the jury found that Defendant's drug trafficking extended through 1993. Second, Defendant's arguments are styled as potential violations of his rights under the Double Jeopardy Clause and the Ex Post Facto Clause. However, these are not arguments that he can advance in a motion for resentencing under § 3582. Section "3582(c)(2) is not an 'open door' that allows any conceivable challenge to a sentence." *United States v. Metcalfe*, 581 F.3d 456, 459 (6th Cir. 2009). Instead, "[r]eview of a § 3582(c)(2) motion is limited to the narrow determination of whether a defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Hicks*, No. 92-80754, 2012 WL 1658650, at *3 (E.D. Mich. May 11, 2012). Defendant's alternative sentencing arguments are simply not cognizable under § 3582(c)(2) because they do not involve a sentencing range that has been lowered by the retroactive application of an amendment to the Sentencing Guidelines. *See*

9

*Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694, 177 L. Ed. 2d 271 (2010).

In sum, because Defendant's argument that Judge Newblatt should have used the 1988 sentencing guidelines falls well outside the scope of § 3582(c)(2) and he has not proffered any other grounds on which Congress has authorized the court to modify his sentence, Defendant is not entitled to a reduction of his sentence.

## CONCLUSION

For the reasons set forth above, Defendant's motions for resentencing (Dkts. 644, 648, 649) are **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 6, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>
Case Manager