UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      CRIM. NO. 93-50028

       v.                               HON. TERRENCE G. BERG

OLEE WONZO ROBINSON,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION (DKT. 658, 660) AND MOTION TO DISMISS AND STRIKE (DKT. 659)**

      In this criminal case, Defendant Olee Wonzo Robinson (Defendant) earlier filed three motions requesting to be resentenced under 18 U.S.C. § 3582(c) and Amendments 591 and 782 of the United States Sentencing Guidelines (Dkts. 644, 648, 649). One of these motions (and the subsequent reply to the Government's response) was prepared and filed by an attorney (Dkts. 644, 653), relying on Amendment 591, and two of them were filed by Defendant *pro se* (Dkts. 648, 649), relying on Amendment 782. On July 6, 2016, the Court entered an order denying all three motions, which attempted to carefully explain its reasons for doing so (Dkt. 657). Defendant has now filed two motions for reconsideration (Dkts. 658, 660), and a motion to dismiss/strike the previous *pro se* motions that he filed (Dkt. 659). For the reasons set forth below, these motions will be denied.

Rule 7.1(g) of the Local Rules of the United States District Court for the Eastern District of Michigan allows a party to file a motion for reconsideration. *See* E.D. Mich. LR 7.1(g). Rule 7.1(g)(3) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled" and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d ed.1988)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order."  E.D. Mich. LR 7.1(g)(1).

The primary argument advanced by Defendant in his motions for reconsideration is that the Court erred in adjudicating both the motion filed by his attorney (Dkt. 644) and his *pro se* motions (Dkts. 648, 649) in a single Order, and that the Court should have only adjudicated the motion filed by his attorney. Defendant does not explain with precision why addressing both his attorney's and his own motions in one order caused him any prejudice.[1]  Defendant seeks to strike

---

[1] Defendant also complains that the Court did not mention his counsel's name in its Order.  Although the reason for Defendant's concern on this issue is not entirely clear, it appears that Defendant is suggesting that the Court's Order was not served on his counsel.  The Order was docketed in the Court's electronic case filing system, however, and was therefore sent automatically to his counsel.

2

his own motions (Dkts. 648 and 649) for resentencing under Amendment 782, but fails to support this motion with any reasonable grounds. These motions were properly denied, and will not be stricken.

In considering Defendant's motion for reconsideration, the Court has again reviewed both the motion filed by Defendant's attorney, and Defendant's own motions, and carefully reconsidered all the arguments raised in those motions, as well as the arguments contained in the present motions for reconsideration.

The arguments raised by Defendant in his motion for reconsideration are essentially a restatement of those made by his attorney relating to Amendment 591 (Dkt. 644). These arguments were discussed in detail in the Court's previous Order (Dkt. 657). For example, the central point Defendant re-argues in his amended motion for reconsideration (Dkt. 660) is that Judge Newblatt erred in sentencing Defendant under the 1993 sentencing guidelines. Defendant contends that Amendment 591 would require a lower sentence because the 1988 Guidelines were lower, and those should have been applied. This Court explicitly rejected that argument because the Defendant's conduct was charged as extending until 1993,[2] and because under the Guidelines grouping rules that governed, USSG § 3D1.3(a), Judge Newblatt properly applied the 1993 guideline for the most serious offense, and that guideline called for a sentence of life imprisonment. As such, Defendant is merely presenting issues which were already ruled upon by the Court, either

---

[2] Defendant's attorney appended a copy of the Indictment, which includes the Continuing Criminal Enterprise charge, in violation of 18 U.S.C. § 848, alleged as occurring between 1987 and May 1993. Dkt. 644, Exhibit 1, Pg ID 17592.

expressly or by reasonable implication, when the Court denied his motions to be resentenced. Accordingly,

**IT IS ORDERED** that Defendant's motions for reconsideration (Dkts. 658, 660)[3] and Defendant's motion to dismiss/strike (Dkt. 659) are **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated:  February 6, 2017

---

[3]  Defendant also requests that this case be transferred to Chief Judge Hood.  That request is denied.

4