UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**OLEE ROBINSON,**<br><br>　　　　Defendant. | 4:93-CR-50028-TGB-SDP<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEAL MEDICAL RECORDS (ECF NO. 711),**<br><br>**GRANTING MOTION FOR WITHDRAWAL OF ATTORNEY PARISA SADRNIA (ECF NO. 715),**<br><br>**GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO HOLD THIS CASE IN ABEYANCE TO RETAIN NEW COUNSEL, WITHDRAW COUNSEL, AND STRIKE ROBINSON'S MEDICAL RECORDS (ECF NO. 716),**<br><br>**DENYING THE GOVERNMENTS MOTION FOR AN EXTENSION OF TIME (ECF NO. 717),** |

1

|  | AND DENYING DEFENDANT'S MOTION TO ENFORCE THE COURT'S DEADLINE AND FOR OTHER RELIEF (ECF NO. 719). |
|---|---|

On October 10, 2025, Defendant Olee Wonzo Robinson filed a motion for compassionate release and/or reduction of sentence. ECF No. 708. Since then, the Court has received following motions: a motion by Robinson to seal medical records, filed *pro se*, dated November 18, 2025, ECF No. 711, an emergency motion for withdrawal by Robinson's attorney, Parisa Sadrnia, dated November 26, 2025, ECF No. 715, a motion by Robinson to hold this case in abeyance to retain new counsel, withdraw counsel, and strike Robinson's medical records, filed *pro se*, dated November 26, 2025, ECF No. 716, a motion by the Government to request an extension of time to file a response to Robinson's motion for compassionate release and/or reduction of sentence, dated December 11, 2025, ECF No. 717, a motion for an emergency hearing for temporary enlargement of custody to home confinement to receive urgent medical care, ECF No. 718, and a motion by Robinson to enforce a deadline previously set by the Court, deny the Government's request for an extension of time, and deem waived and unopposed and grant Defendant's motion for compassionate release, ECF No. 719. For the following reasons, the Court **DENIES** Robinson's motion to seal, ECF

No. 711, **GRANTS** Attorney Sadrnia's motion to withdraw, ECF No. 715, **GRANTS IN PART** and **DENIES IN PART**, Robinson's motion to hold this case in abeyance to retain new counsel, withdraw counsel, and strike Robinson's medical records, ECF No. 716, **DENIES** the Government's motion for an extension of time, ECF No. 717, and **DENIES** Robinson's motion to enforce a deadline previously set by the Court, deny the Government's request for an extension of time, and deem waived and unopposed and grant Defendant's motion for compassionate release, ECF No. 719.

Additionally, the Court **STAYS** all deadlines—with the exception of the deadlines for the Government to respond to Robinson's motion for compassionate release and/or reduction of sentence, which will be due 60 days from the filing of this order, and Robinson's emergency motion for an emergency hearing, which will be due January 19, 2026—until a new counsel has made an appearance for Robinson or until Robinson indicates that he would like to proceed *pro se* and **STRIKES** from the docket ECF Nos. 712, 713, 714.

## I. BACKGROUND

In Robinson's motion for compassionate release and/or reduction of sentence, Robinson cites to an exhibit—"Ex. 12 – Medical records." ECF No. 708, PageID.18708. Instead of filing this exhibit, Robinson filed a "Placeholder for Med Records." ECF No. 708-13. That document states that "On October 8, 2025, Robinson informed defense counsel that he has

3

obtained a full copy of his corrected medical records, ranging from January 1, 2016, through 2025. Upon receipt, defense counsel will promptly file the records with the Court." ECF No. 708-13.

On November 18, 2025, Robinson filed a *pro se* motion seeking to file his medical records. ECF No. 711. In the motion, Robinson states that "Enclosed For Filing is ONE Original Copy of my Medical Records." *Id.* at PageID.18924. Additionally, Robinson asked the Court "to hold UNDER SEAL [t]he enclosed records." *Id.* On the same day, Robinson *pro se* filed two documents, containing multiple attachments, labeled as "Medical Records." ECF Nos. 712, 713. These docket entries, filed under seal, appear to contain Robinson's medical records.

On November 25, 2025, Robinson, through his attorney, filed a document, containing one attachment, labeled as "EXHIBIT *12 – Medical Records re 708 Amended MOTION*." ECF No. 714. This docket entry, filed under seal, appears to contain Robinson's medical records.

On November 26, 2025, Robinson's attorney, Parisa Sadrnia, filed an emergency motion for permission to withdraw as counsel. ECF No. 715.

On the same day, on November 26, 2025, Robinson filed a *pro se* motion "to hold this case in abeyance to retianed [sic] new counsel, withdraw counsel Parisa Sadrnia and strike from the Courts records Robinson's Medical Records filed with this Court on November 26, 2025

4

by Attorney Parisa Sadrnia under ECF # ___." ECF No. 716, PageID.21492.

On December 11, 2025, the Government moved for an extension of time to file a response to Robinson's motion for compassionate release and/or reduction of sentence. ECF No. 717.

On December 17, 2025, Robinson filed a motion for an emergency hearing for temporary enlargement of custody to home confinement to receive urgent medical care and multiple surgeries. ECF No. 718.

On December 23, 2025, Robinson filed a motion to enforce the Court's October 24, 2025 Order setting the deadline for the Government to file its response brief to Robinson's motion for compassionate release and/or reduction of sentence, deny the Government's request for an extension of time, and deem waived and unopposed and grant Defendant's motion for compassionate release, ECF No. 719.

## II. DISCUSSION

### A. Motion to Seal

On November 18, 2025, Robinson filed a *pro se* motion to seal the medical records. ECF No. 711. In the motion, Robinson provides only one justification as to why the medical records should be filed under seal: an invocation of "HIPPA." *Id.* at PageID.18925 ("I am asking this Honorable Court to grant my request to hold UNDER SEAL my medical records pursuant to the provisions of HIPPA.").

Courts have "long recognized … a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). "The burden of overcoming that presumption is borne by the party that seeks to seal them. The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (citations omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (citations omitted). "A movant's obligation to provide *compelling* reasons justifying the seal exists even if the parties themselves *agree* the filings should be sealed." *Davis v. City of Columbus*, No. 17-823, 2021 WL 7968412, at *1 (S.D. Ohio Feb. 2, 2021); *Shane Grp., Inc.*, 825 F.3d at 306 ("a district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public. That is true even if neither party objects to the motion to seal." (cleaned up)). Nor is there any reason to apply a more lenient standard when the movant seeks to file their *own* medical records under seal. *See, e.g., id.*; *Brahmamdam v. TriHealth, Inc.*, No. 19-152, 2021 WL 5005368, at *3 (S.D. Ohio Oct. 27, 2021).

However, the Court need not reach the merits of Robinson's motion because Robinson filed his medical records *pro se* while being represented by counsel. When a defendant who is represented by an attorney proceeds *pro se* (without an attorney), they are proceeding in a "hybrid" fashion. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). "A plaintiff is not entitled to hybrid representation, and the Sixth Circuit and other courts in this circuit routinely strike and/or refuse to consider *pro se* pleadings filed by represented parties." *Ford v. Specialized Loan Servicing, LLC*, No. 16-2414, 2018 WL 2382992, at *1 (W.D. Tenn. May 4, 2018). Accordingly, the Court will **STRIKE** the medical records filed *pro se* by Robinson, ECF Nos. 712, 713. Thus, Robinson's motion to seal his medical records is **DENIED AS MOOT**.

If Robinson wishes to enter these documents, or a portion thereof, into the public record, Robinson may re-file his documents. However, if Robinson wishes to file these documents *under seal*, Robinson must move to file these records under seal in accordance with Eastern District of Michigan Local Rule 5.3(b) *prior* to filing the records.

In such a motion, Robinson must cure two issues present in the present motion.

First, in his present motion, Robinson has not analyzed in detail, document by document, why these documents should be sealed. Nor has he provided legal citations. His request "therefore do[es] not meet the requirements set out by the Sixth Circuit." *Penman v. Correct Care Sols.,*

7

*LLC*, No. 18-58, 2022 WL 266627, at *1 (W.D. Ky. Jan. 27, 2022) ("Defendants here have not analyzed in detail, document by document, why these documents should be sealed. Nor have they provided legal citations. Their requests therefore do not meet the requirements set out by the Sixth Circuit." (citing *Shane Grp., Inc.*, 825 F.3d at 305–06)).

Second, Robinson has placed his medical condition at issue in this case by citing it as an extraordinary and compelling reason that warrants a reduction in his term of imprisonment. ECF No. 708, PageID.18706. "Courts in this circuit recognize that 'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.'" *Penman*, 2022 WL 266627, at *1 (citations omitted). Accordingly, courts have denied motions by plaintiffs seeking to file their prison medical records under seal. *Mays v. Birkholz*, No. 22-5524, 2022 WL 17886031, at *12 (C.D. Cal. Dec. 14, 2022) (finding that "a prisoner waives his right to medical privacy by filing a lawsuit that puts his medical condition at issue"), *adopted*, No. 22-5524 SVW (PVC), 2023 WL 425102 (C.D. Cal. Jan. 26, 2023).

Robinson's invocation of HIPAA does not change this outcome. HIPAA is "designed to ensure the 'security and privacy of health information.' [and] HIPAA's regulations restrict the ability of health care providers to disclose a patient's medical information without the patient's consent." *Tyson v. Regency Nursing, LLC*, No. 17-91, 2018 WL 632063, at

8

*1 (W.D. Ky. Jan. 30, 2018). "However, a mere reference to HIPAA does not mean that the Court should automatically grant Regency's motion to seal. On the contrary, plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Id.*

Instead, Robinson must provide the Court with compelling and specific reasons as why the Court should allow him to file medical records under seal. Without such compelling reasons, the Court may not grant Robinson's order. *See Shane Grp., Inc.*, 825 F.3d at 306 ("a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal").

### B.  Motion to Withdraw

On November 26, 2025, Robinson's attorney, Parisa Sadrnia filed an emergency motion for permission to withdraw as counsel. ECF No. 715. In the motion, Attorney Sadrnia states that

> For a number of confidential and privileged reasons, the attorney-client relationship has completely broken down to the point that absolutely irreconcilable issues exist. Counsel has lost control of Defendant and Defendant will not allow Counsel to perform legal actions for the betterment of Defendant, communication with Defendant has been rendered impossible by Defendant, and Counsel cannot ethically proceed forward with representing Defendant.

9

*Id.* at PageID.21487–88. Attorney Sadrnia states that withdrawal is required because "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." *Id.* at PageID.21488.

Eastern District of Michigan Local Rule 83.22(b) applies "[t]he Rules of Professional Conduct adopted by the Michigan Supreme Court … to" attorneys who practice in this court. *See Davis v. State Farm Fire & Cas. Co.*, 351 F. App'x 990, 991 (6th Cir. 2009) (applying the Michigan Rules of Professional Conduct in reviewing of a district court in the Eastern District of Michigan's denial of a motion to withdraw). Rule 1.16(b) of the Michigan Rules of Professional Conduct states, in relevant part that,

> Except as stated in paragraph (c), after informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client … if:
> …
> (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

The Court finds the requirements for withdrawal under Rule 1.16(b) of the Michigan Rules of Professional Conduct are present in this situation. Accordingly, the Court **GRANTS** Sadrnia's Motion for Withdrawal.

### C. Motion to Hold this Case in Abeyance to Retain New Counsel, Withdraw Counsel, and Strike from the Courts Records Robinson's Medical Records

On November 26, 2025, Robinson *pro se* filed a motion "to hold this case in abeyance to retianed [sic] new counsel, withdraw counsel Parisa Sadrnia and strike from the Courts records Robinson's Medical Records filed with this Court on November 26, 2025 by Attorney Parisa Sadrnia under ECF # ___." ECF No. 716, PageID.21492. The Court will address these motions in turn.

First, the Court addresses Robinson's motion to hold this case in abeyance to retain new counsel. The Court finds that there are no significant case management deadlines and that neither party will be prejudiced by a stay. In light of these facts, the nature of the pertinent motion on the Court's docket—a motion for compassionate release and/or reduction of sentence— and the Government's pending request for an extension of time to file a response to Robinson's motion for compassionate release and/or reduction of sentence, the Court **GRANTS** this motion. *See, e.g. Ivan Ware & Son, Inc. v. Delta Aliraq, Inc.*, No. 10-484, 2015 WL 13845904, at *2 (W.D. Ky. May 26, 2015) (granting motion for abeyance to retain new counsel). However, in order to ensure that this motion—which alleges circumstances necessitating urgency—is promptly addressed, the deadline for the Government to respond to Robinson's motion is **NOT** stayed. Accordingly, the Government is directed to file a response to Robinson's motion for compassionate release

11

and/or reduction of sentence within 60 days of the filing of this motion. For similar reasons, the deadline for the Government to respond to Robinson's motion for an emergency hearing is also **NOT** stayed. The Government is directed to respond to that motion by January 19, 2026. All other deadlines are stayed until a new counsel has made an appearance for Robinson or until Robinson indicates that he would like to proceed *pro se*.

Second, the Court addresses Robinson's motion to withdraw counsel. This motion is **DENIED AS MOOT** in light of the fact that the Court has already granted Attorney Sadrnia's motion to withdraw.

Third, the Court addresses Robinson's motion to "strike from the Courts records Robinson's Medical Records filed with this Court on November 26, 2025 by Attorney Parisa Sadrnia under ECF # ___." ECF No. 716, PageID.21492. The Court assumes that Robinson is referring to ECF No. 714, filed on November 25, 2025. "Courts are given 'discretion in determining whether to grant a motion to strike.'" *Nat'l Bankers Tr. Corp. v. Peak Logistics, LLC*, No. 12-2268 A/P, 2012 WL 12909869, at *2 (W.D. Tenn. June 1, 2012). The Court **GRANTS** Robinson's motion to strike ECF No. 714.

### D.  Motion for an Extension of Time

On December 11, 2025, the Government moved for an extension of time to file a response to Robinson's motion for compassionate release and/or reduction of sentence. ECF No. 717. In light of the Court's decision

to stay all deadlines, with the exception of the deadline for the Government to file a response, this motion is **DENIED AS MOOT**. The Government has 60 days to file a response to Robinson's motion for compassionate release and/or reduction of sentence.

E.  **Motion To Enforce a Deadline Previously Set by the Court, Deny the Government's Request for an Extension of Time, and Deem Waived and Unopposed and Grant Defendant's Motion for Compassionate Release**

On December 23, 2025, Robinson filed a motion. ECF No. 719. Robinson moves

> to enforce the court's December 2, 2025 deadline order by Judge Berg and deny the government's December 11, 2025 request for an additional (60) day extension under (ECF #717), under Federal Rules of Criminal Procedure (45)(b)(1)(B), as being WAIVED AND UNOPPOSED under (ECF #708), granting Robinson's §3582(c)(l)(A) compassionate release motion which procedurally barrs the government from opposing Robinson's immediate release.

*Id.* at PageID.21519. Additionally, Robinson "request[s] that this court expedite this matter and grant Robinson compassionate release because the statutory criteria has been satisfied." *Id.* at PageID.21520.

In light of the Court's present order, Robinson's motion is **DENIED AS MOOT**.

### III. CONCLUSION

For the aforementioned reasons, Robinson's motion to seal (ECF No. 711) is **DENIED**; Attorney Sadrnia's motion to withdraw (ECF No. 715) is **GRANTED**; Robinson's motion to hold this case in abeyance

13

to retain new counsel, withdraw counsel, and strike Robinson's medical records (ECF No. 716) is **GRANTED IN PART** and **DENIED IN PART**; the Government's motion for an extension of time (ECF No. 717) is **DENIED AS MOOT**; and Robinson's motion to enforce a deadline previously set by the Court, deny the Government's request for an extension of time, and deem waived and unopposed and grant Defendant's motion for compassionate release (ECF No. 719) is **DENIED AS MOOT**.

Additionally, it is **ORDERED** that all deadlines—except the deadlines for the Government to respond to Robinson's motion for compassionate release and/or reduction of sentence, ECF No. 708, and to Robinson's motion for an emergency hearing, ECF No. 718—are stayed until a new counsel has made an appearance for Robinson or until Robinson indicates that he would like to proceed *pro se*. It is also **ORDERED** that ECF Nos. 712, 713, 714 are stricken.

**SO ORDERED.**

Dated: January 5, 2026        s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE